The opinion of the Court was delivered by-
Tilghman C. J.
The act of 26th March, 1814, under which the insolvent debtor James Kennedy, was discharged, directs the Court to appoint such trustee or trustees of the debtor, as two-thirds in number and value of his creditors then attending, either in person, or by attorney, shall nominate ; or if the said creditors should not attend, or not nominate any trustee, the Court shall appoint such trustee or trustees as they may think proper.”—By the 3d section of the act, it is provided, that every trustee, before he acts as such, shall give bond for the faithful execution of his trust, and in case of the refusal, or delay of any trustee or trustees to act, or in case of his or their death, the Court may appoint another or others, in his or their room,” &c. - And by the 4th sect., <•( the trustee or trustee, shall be deemed vested with all the estate of such debtor, at the time of his or their appointment,” &c. Whether it was necessary for Kennedy to execute an assignment to his trustees, we dp not decide; because, even if the estate became vested in the trustees by the appointment Of the Court, it would be impossible for one trustee to support an action, when no authority was given to him but in conjunction with another. If the creditor neglect to nominate, the power of appointment devolves on the Court, who, if they think proper, may appoint but one trustee; but having appointed two, one has no power to act. As the present case was circumstanced, then,' Remson having delayed to qualify himself for acting, by giving security, and consequently having no power to act, the Court might have *551 appointed another person in his place. As soon as the person so appointed had given security, as required by law,, he, together, with the plaintiff, might have supported an action. But when this suit was brought, there was no person in existence, who had a right of acting, because there was none to whorn the sole power of collecting the debts of Kennedy, had beén entrusted. ,
There was another bill of exceptions taken by the counsel for the defendant, on which we give no opinion, because none is required of us. If it were asked by the counsel on either side, we would give it. It is the opinion of the Court, that the first exception was well taken, and therefore, the judgment should be reversed.
Judgment reversed.